Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| ISLAND PORTFOLIO SERVICES, LLC COMO AGENTE DE ACE ONE FUNDING, LLC<br>Parte Recurrida | | Certiorari procedente del Tribunal de Primera Instancia de Caguas |
| V. | TA2025CE00149 | Caso Núm. CG2023CV01513 |
| IVONNE VIRELLA CARRASQUILLO<br>Parte Peticionaria | | Sobre: Cobro de Dinero - Regla 60 |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de agosto de 2025.

La señora Ivonne Virella Carrasquillo (peticionaria o señora Virella Carrasquillo) solicita que revoquemos la *Orden* emitida el 17 de junio de 2025, mediante la cual el Tribunal de Primera Instancia, Sala de Caguas (TPI), mantuvo su decisión de denegar la solicitud de levantar una anotación de embargo en su único vehículo de motor.

## I.

El 12 de mayo de 2023, Island Portfolio Services, LLC (recurrida) presentó una *Demanda* sobre cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V (Regla 60), contra la parte la peticionaria. Adujo, en síntesis, que la señora Virella Carrasquillo le adeudaba el monto de $3,222.52 por concepto de principal, al no pagar una tarjeta de crédito.[1]

Así las cosas, el 10 de agosto de 2023, el TPI dictó *Sentencia en Rebeldía* ante la ausencia de la peticionaria a la vista de Regla

---

[1] Entrada #1 de Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Número Identificador

SEN2025 _____

60, *supra.*[2] Posteriormente, la recurrida presentó *Moción Solicitando Ejecución de Sentencia.*[3] El TPI declaró Con Lugar dicha solicitud y emitió orden y mandamiento de embargo.[4] En lo pertinente, expresó lo siguiente:

> Los bienes muebles pertenecientes a la parte demandada sujetos a embargo son: dinero en efectivo; depósitos en cuentas bancarias a nombre de éste o mancomunadamente y otras instituciones financieras (incluyendo casas de corretaje) que sean propiedad de la parte demandada, ya sea que estén en su poder o en manos de terceras personas; cuentas por cobrar; valores (incluyendo valores en cuentas con instituciones financieras tales como casas de corretaje); cajas de seguridad en bancos u otras instituciones; acciones; intereses o participaciones en sociedades u otras entidades; derechos; dividendos; bonos; certificados de ahorro; pagares; joyas o botes que pertenezcan a los demandados. Todo bien mueble que sea propiedad de los demandados que se encuentren dentro o fuera de la propiedad de éstos y cualquier otra propiedad de la parte demandada que no estén exentos de embargo y **que no excedan los límites que dispone el Art. 249 del Código de Enjuiciamiento Civil**. El 25% de los sueldos y salarios devengados, por servicios prestados y hasta el máximo permitido por el Art. 249 del Código de Enjuiciamiento Civil, las disposiciones de la Ley Federal sobre Embargos ("Federal Wage Garnishment Act"), 15 USCA sec. 1671, et seq y las disposiciones de la ley federal conocida como "Restrictions on Garnishment", bajo el "Consumer Credit Protection Act, 15 U.S.C.A Sec.1671. Se ordena al patrono a realizar los embargos en cada nómina hasta el saldo total de la deuda de conformidad con lo dispuesto en la ley federal, 15 U.S.C. sec. 1671, et seq., hasta satisfacer la cantidad adeudada conforme fue establecida. Todo bien mueble que sea propiedad de los demandados que se encuentren dentro o fuera de la propiedad de éstos. (Énfasis nuestro).[5]

Con dicha orden, la recurrida acudió al Departamento de Transportación y Obras Públicas/CESCO y obtuvo un gravamen a la licencia del vehículo de la peticionaria. Así pues, cuando la señora Virella Carrasquillo fue a comprar el marbete de su carro no pudo hacerlo, puesto que el carro tenía un gravamen a la licencia.

Posteriormente, el 25 de abril de 2025, la peticionaria acudió al TPI y solicitó la eliminación del gravamen en el vehículo Marca

---

[2] Entrada #8 de SUMAC.
[3] Entrada #9 de SUMAC.
[4] Entrada #10 de SUMAC.
[5] Entrada #11 de SUMAC.

Toyota, Modelo Cross LE Negro, Tablilla KIU752 VIN 7MUCAAAG1RV079819.[6] Adujo, en esencia, que bajo el nuevo Código Civil de 2020 estaba prohibido embargar el vehículo de trabajo del deudor. Añadió que dicha actuación es contraria a la orden y mandamiento emitido, y constituye un embargo ilegal, según lo establece el Artículo 249 del Código de Enjuiciamiento Civil, 32 LPRA sec. 1130. De igual forma, sostuvo que el referido embargo le impediría moverse a su lugar de trabajo y realizar las actividades de su vida cotidiana en beneficio de sus hijos menores de edad.

Por su parte, la recurrida se opuso y alegó que el solo hecho de señalar que el vehículo gravado es su único medio de transportación, sin especificarse de qué manera el mismo constituye su instrumento de trabajo, no es una defensa que haya establecido nuestro ordenamiento jurídico para limitar a quien ejerce su derecho de ejecución, máxime que esto discrepa de lo también expresado por la peticionaria, en cuanto a que realiza sus labores de trabajo en veteranos.[7]

Así las cosas, las partes se enfrascaron en diversas mociones adversas. En cumplimiento de *Orden*, y mediante una *Declaración Jurada,* la peticionaria declaró que ese era su único vehículo y, por ende, el único transporte para llegar a su trabajo.[8] El 28 de mayo de 2025, la recurrida se opuso y alegó que el vehículo de motor de trabajo que se refiere el Artículo 1157(g) del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 9302, y el Artículo 249 del Código de Enjuiciamiento Civil, *supra,* son sólo los "taxis" y los que se dedican a "servicio público", ya que así lo resolvió el Tribunal Supremo en *Hernández v. Rosario,* 66 DPR 294 (1946).[9] De inmediato, la peticionaria se opuso y le informó al TPI que la recurrida la había

---

[6] Entrada #16 de SUMAC.
[7] Entrada #19 de SUMAC.
[8] Entrada #28 de SUMAC.
[9] Entrada #29 de SUMAC.

inducido a error a través del uso de CHAT GPT.[10] Le acompañó la ley y el caso citado, los cuales nada de eso exponen y/o resuelven. No obstante, el TPI emitió el 30 de mayo de 2025 una Orden denegando la solicitud de la parte peticionaria de levantar el gravamen del vehículo.[11]

Ante ello, la peticionaria solicitó *Reconsideración.*[12] En síntesis, le reiteró al TPI que la recurrida la indujo a error a través de "Chats GPT", porque el Artículo 1157(g) del Código Civil, *supra,* y el Artículo 249 del Código de Enjuiciamiento Civil, *supra,* en su artículo expresan lo contrario. El 17 de junio de 2025, el TPI dictó una Orden declaró No Ha Lugar la reconsideración presentada.[13]

Inconforme, el 15 de julio de 2025, la peticionaria presentó el recurso ante nos y alegó los siguientes errores:

> **ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPEDIR LEVANTAR EL EMBARGO DEL [Ú]NICO VEH[Í]CULO DE TRABAJO DE LA PETICIONARIA.**
>
> **ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL DEJARSE INDUCIR A ERROR POR LA PARTE RECURRIDA.**
>
> **ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL PERMITIR PONER UN GRAVAMEN SOBRE EL [Ú]NICO VEH[Í]CULO DE TRABAJO DE LA PETICIONARIA CUANDO SU PROPIA ORDEN DE EMBARGO NO SE LO PERMITE A LA PARTE DEMANDANTE-RECURRIDA.**
>
> **ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL SOSLAYAR Y REVOCAR DE FACTO EL ART[Í]CULO 1157(G) DEL C[Ó]DIGO CIVIL DE PUERTO RICO DE 2020.**
>
> **ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA AL REVOCAR EL ART[Í]CULO 249 DEL C[Ó]DIGO DE ENJUCIAMIENTO CIVIL.**

El 31 de julio de 2025, la parte recurrida presentó la *Oposición a la Expedición de Certiorari.* Luego de evaluados los recursos, procedemos a disponer.

---

[10] Entrada #30 de SUMAC.
[11] Entrada #35 de SUMAC.
[12] Entrada #36 de SUMAC.
[13] Entrada #37 de SUMAC.

## II.

### A. Certiorari

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López,* 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra,* pág. 337; *Rivera et al. v. Arcos Dorados et al., supra,* pág. 209; *IG Builders et. al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020) (citando a *Negrón v. Srio. De Justicia,* 154 DPR 79, 91 (2001)); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016).

### B. El Embargo de Bienes

En nuestro ordenamiento jurídico el "deudor responde del cumplimiento de su obligación con todo su patrimonio presente y futuro, salvo los bienes inembargables declarados tales en la ley o, contractualmente, por el acreedor y el deudor". Art. 1156 del Código Civil de Puerto Rico, 31 LPRA sec. 9301. No obstante, se considera un bien inembargable, entre otras cosas, "el vehículo de motor considerado como instrumento de trabajo de su dueño". Art. 1157(g) del Código Civil*, supra.* Dicha exención no aplicará "al cobro de deudas relacionadas con el precio de compra, arrendamiento financiero, o la adquisición del vehículo, o que provengan de su

mejoramiento, reparaciones, combustible, piezas o accesorios para este". *Id.*

En este sentido, el Artículo 249 del Código de Enjuiciamiento Civil, *supra*, enumera aquellos bienes que, en adición a las disposiciones del derecho a hogar seguro, están exentas de ejecución. En lo particular, el inciso 4a del referido artículo establece que está exento de ejecución:

> **El vehículo de motor considerado por la Ley de Vehículos y Tránsito de Puerto Rico, como instrumento de trabajo de su dueño**; pero esta exención no será aplicable al cobro de deudas relativas al precio de compra o adquisición del vehículo, o que provengan de su mejoramiento o reparaciones, o de combustible, piezas o accesorios para el mismo. En cuanto a la responsabilidad civil proveniente de daños y perjuicios producidos a terceros por dicho vehículo de motor, éste estará exento de ejecución hasta la cantidad de seis mil (6,000) dólares. (Énfasis nuestro).

### III.

La peticionaria alega, en resumen, que erró el TPI al no levantar el embargo de su único vehículo y, por ende, el único transporte para llegar a su trabajo. A su vez, aduce que el referido tribunal incidió al poner dicho gravamen cuando la Ley y su propia *Orden de Embargo* establecen lo contrario. Veamos.

Del expediente surge que, mediante una *Declaración Jurada* la peticionaria aseguró que el vehículo gravado es el único que esta posee y el que utiliza para ir a su trabajo. Asimismo, mediante la referida declaración expresó ser residente de Caguas. Además, la parte recurrida admite que la peticionaria realiza sus labores de trabajo en el Hospital de Veteranos.[14] Sin embargo, la recurrida se opuso al entender que la peticionaria no especificó de qué manera el referido vehículo constituye su instrumento de trabajo. Además, la recurrida alegó que el tipo de vehículo de la señora Virella Carrasquillo no es el que contempla el Artículo 1157(g) del Código

---

[14] Véase, Entrada #19 de SUMAC.

Civil, *supra,* y el Artículo 249 del Código de Enjuiciamiento Civil, *supra.*

Luego de evaluado el recurso y la normativa aplicable, concluimos que el TPI cometió el primer error señalado por la parte peticionaria.

Como expresamos anteriormente, el TPI en un procedimiento de ejecución de sentencia emitió una Orden de Embargo contra bienes muebles e inmuebles a nombre de la peticionaria. Mediante esta orden, se le requería al Departamento de Transportación y Obras Publica anotar un gravamen a cualquier vehículo de motor que se encontrara registrado a nombre de la Sra. Virella Carrasquillo. En su consecuencia, se le anotó un gravamen al vehículo Marca Toyota, Modelo Cross LE Negro, Tablilla KIU752 VIN 7MUCAAAG1RV079819.

La parte peticionaria solicitó al foro primario que dejara sin efecto la anotación del embargo sobre el vehículo Marca Toyota, Modelo Cross LE Negro, Tablilla KIU752 que está registrado a nombre de esta por ser su instrumento de transportación para ir al trabajo y transportar a sus hijos menores. Esto, conforme dispone el Artículo 1157(g) de Código Civil, supra; y el Artículo 249(7) del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1130.

Por su parte, la parte recurrida se opuso argumentando que el significado de un "vehículo de motor considerado como instrumento de trabajo", se reducía a un vehículo de uso público, al amparo de la definición establecida en el Artículo 1.111 de la Ley Núm. 22-2000, 9 LPRA sec. 5001 Inciso (108), conocida como la Ley de Vehículos y Tránsito de Puerto Rico.

No obstante, tal planteamiento es erróneo, ya que la citada definición se refiere a un "vehículo pesado de motor de uso público", y no así al tipo de vehículo que contempla el Artículo 1157(g), *supra,* y el Artículo 249, *supra. Id.* En específico, estos últimos artículos

disponen de forma mucho más abarcadora, que el vehículo inembargable es aquel que es considerado como instrumento de trabajo de su dueño. Conviene señalar, que el caso citado por la recurrida en su escrito ante el TPI, *Hernández v. Rosario, supra,* no es un precedente relevante a la controversia aquí planteada.

Ahora bien, es una realidad palpable que Puerto Rico carece de un sistema de transportación pública eficiente, y que el tener un vehículo de motor se ha convertido en una necesidad, y no en un mero lujo. Por ende, es indiscutible que, el que la peticionaria no tenga su único vehículo impediría moverse a su lugar de trabajo y realizar las actividades de su vida cotidiana en beneficio de sus hijos menores de edad. El Artículo 1157(g) de Código Civil, supra; y el Artículo 249(7) del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec.1130 establecen como un bien inembargable el vehículo de motor considerado como instrumento de trabajo de su dueño.

Ante tales circunstancias, procedía que el foro primario ordenara la eliminación del gravamen de embargo del vehículo de la señora Virella Carrasquillo. Dado que el primer señalamiento de error se cometió, no corresponde discutir los demás errores.

**IV.**

Por los fundamentos expuestos, se expide el *Certiorari* y revocamos la *Orden* recurrida.

La Jueza Grana Martínez concurre sin escrito.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones